1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROGER SOTO,

          Plaintiff,

   v.

UNITED AIRLINES INC, et al.,

          Defendants.

Case No. 24-cv-03045-HSG

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER VENUE**

Re: Dkt. No. 41

Pending before the Court is Defendant's motion to dismiss, or in the alternative, transfer venue. Dkt. No. 41. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

## I.   BACKGROUND

Plaintiff Roger Soto initially filed this case in the Eastern District of California in September 2023. Dkt. No. 1 ("Compl."). Plaintiff is employed by Defendant as a flight attendant. *Id.* at ¶ 6. He challenges Defendant's COVID-19 vaccination policy. *See id.* at ¶¶ 13–26. Plaintiff sought a religious exemption to the policy. *See id.* at ¶¶ 28–30. Plaintiff alleges that in response Defendant placed him "on an unpaid, unprotected, and unelected leave of absence." *Id.* at ¶ 35. Plaintiff brings causes of action for wrongful termination and assault under California law. *See id.* at ¶¶ 41–59.

Defendant United Airlines, Inc. moved to dismiss the complaint, or in the alternative, to transfer venue to the Northern District of Illinois. At the time, Plaintiff opposed the motion in its entirety. *See* Dkt. No. 16. Ultimately, the court granted the motion in part, transferring the case to the Northern District of California in May 2024. *See* Dkt. No. 25. Although neither party

1    requested that the case be transferred here, the court reasoned that (1) venue was improper in the

2    Eastern District of California; and (2) transfer to the Northern District of California was

3    appropriate because Defendant maintains a hub out of the San Francisco International Airport and

4    "because California ha[s] an interest in providing a forum for the protection of its residents" since

5    Plaintiff is a resident.  *Id.* at 11–14 (alterations in original); *see also* Compl. at ¶ 6.  In July 2024,

6    Defendant filed a renewed motion to dismiss.  Dkt. No. 41.

7         As before, Defendant moves to dismiss the complaint and seeks in the alternative to

8    transfer the case to the Northern District of Illinois, where it is headquartered.  Dkt. No. 41.

9    Plaintiff failed to timely respond to the motion to dismiss.  The Court issued an order to show

10   cause why the motion should not be granted based on Plaintiff's failure to respond.  Dkt. No. 47.

11   Plaintiff responded to the order to show cause, Dkt. No. 49, and only then filed his response to

12   Defendant's motion, Dkt. No. 48.[1]  In his response, Plaintiff "concedes that he is unopposed to

13   Defendant's request to transfer venue to the Northern District of Illinois."  Dkt. No. 48 at 1–2.

## II.    LEGAL STANDARD

15        "For the convenience of the parties and witnesses, in the interest of justice, a district court

16   may transfer any civil action to any other district or division where it might have been

17   brought . . . ."  28 U.S.C. § 1404(a).  The transfer statute exists "to prevent the waste of time,

18   energy and money and to protect litigants, witnesses and the public against unnecessary

19   inconvenience and expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quotation

20   omitted).  The moving party bears the burden of showing that the transferee district is a "more

---

[1] The Court notes that Plaintiff also failed to timely respond to the initial motion to dismiss, prompting the court in the Eastern District of California to issue an order to show cause.  *See* Dkt. Nos. 12, 17.  In the short history of this case, Plaintiff's counsel already has shown a pattern of missing court-imposed deadlines for no good reason.  Plaintiff's counsel should not need, or expect, the Court to "notify" him of his own failure to meet deadlines before he fulfils his ethical duties to his client.  The Court finds the response to the order to show cause fundamentally inadequate, because it contains no explanation as to *why* counsel failed to timely file the opposition, fails to acknowledge that counsel's error was unacceptable or apologize, and does not reflect any commitment to do better in the future.  Nevertheless, because Plaintiff ultimately filed an opposition brief, and Defendant does not appear to have incurred additional expenses due to the delay, the Court will **DISCHARGE** the order to show cause.  The Court expects Plaintiff's counsel to scrupulously comply with all court-imposed deadlines going forward, regardless of the venue, and believes that sanctions may be warranted for any additional failures to follow court orders given counsel's poor performance to date in two different districts.

1    appropriate forum."  *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000).  And

2    the district court has broad discretion in deciding whether to transfer an action.  *See Ventress v.*

3    *Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007) ("[T]he district court's decision to change

4    venue is reviewed for abuse of discretion.  Weighing of the factors for and against transfer

5    involves subtle considerations and is best left to the discretion of the trial judge.") (citations and

6    quotations omitted).

7    **III.   DISCUSSION**

8            The parties now agree that the case should be transferred to the Northern District of Illinois

9    under § 1404.  Defendant is a Delaware corporation with its principal place of business in

10   Chicago, Illinois.  *See* Compl. at ¶ 7.  Consequently, Plaintiff could have initially filed this case in

11   the Northern District of Illinois.  Transfer there would also advance the convenience of the parties

12   and witnesses and the interests of justice.  Defendant explains that the COVID-19 vaccination

13   policy at issue in this case was adopted and implemented by Defendant from its headquarters in

14   Chicago.  *See* Dkt. No. 41-3 at ¶¶ 5–6.  The relevant witnesses and documents are therefore

15   located there.  *Id.* at ¶ 9.  Several other lawsuits related to the same COVID-19 vaccination policy

16   are also currently being litigated in the Northern District of Illinois.  *See* Dkt. No. 41 at 3, n. 2.

17           The Court takes a dim view of Plaintiff's tactics in only now agreeing that the case should

18   be transferred to the Northern District of Illinois, almost a year after the case was initially filed and

19   almost eight months after Defendant first moved to transfer the case there.  Plaintiff offers little

20   explanation for this reversal.  Rather, he simply states, "[i]n light of Defendant's arguments and

21   the number of similar cases currently situated in the Northern District of Illinois, Plaintiff agrees

22   to stipulate to a transfer of venue as Defendant requests."  Dkt. No. 48 at 3.  Plaintiff could have

23   saved the parties and the courts significant time and resources had he made this common-sense

24   decision sooner.  Still, the case remains in its early stages and the Court agrees that transfer is

25   appropriate under 28 U.S.C. § 1404.

26   **IV.   CONCLUSION**

27           Accordingly, the Court in its discretion **GRANTS IN PART** Defendant's motion,

28   transferring the action to the Northern District of Illinois, Dkt. No. 41.  The Court otherwise

United States District Court
Northern District of California

3

1   declines to reach the merits of Defendant's motion to dismiss and **DENIES** the motion to dismiss

2   without prejudice to renewing before the Northern District of Illinois.  The Clerk is directed to

3   transfer the case to the Northern District of Illinois and close the case.

4       **IT IS SO ORDERED.**

5   Dated:    8/28/2024

6

7   HAYWOOD S. GILLIAM, JR.
    United States District Judge